IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISIDRO RIOS-TAPIA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br><br><br>Case No. 2:08-CR-141 TS |

This matter is before the Court for consideration of Defendant's Motion for Reduction of Sentence. For the reasons discussed below, the Court will dismiss the Motion for lack of jurisdiction.

I. BACKGROUND

Defendant was indicted on one count of possession of methamphetamine with intent to distribute on March 12, 2008. Defendant pleaded guilty to that offense on September 17, 2009. On April 5, 2010, Defendant was sentenced to the minimum mandatory term of 120 months. Petitioner did not file a direct appeal, but did file a § 2255 motion on November 18, 2010.

In his § 2255 motion, Defendant argued four different claims of ineffective assistance of counsel.  On March 21, 2011, the Court dismissed Defendant's § 2255 motion, finding that certain of his claims were bared by the collateral appeal waiver contained in his plea agreement and that the others failed on the merits.

Several months after the denial of his § 2255 motion, and over one year after entry of judgment, Defendant appealed the judgment in this case.  On November 18, 2011, the Tenth Circuit Court of Appeals dismissed Defendant's appeal as untimely.

On March 5, 2012, Defendant sought to dismiss the Indictment.  One month later, the Court denied that Motion, finding it to be an unauthorized second or successive § 2255 motion.

Defendant now brings this Motion in which he seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

## II.  DISCUSSION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"[1]  However, 18 U.S.C. § 3582(c)(2) authorizes a court to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Defendant relies on § 3582(c)(2) in support of his request for a sentencing reduction.  More specifically, Defendant relies on the Fair Sentencing Act of 2010 ("FSA").  The FSA "reduced the disparity in sentencing between crack cocaine and powder cocaine offenses, and

---

[1] *Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010) (quoting 18 U.S.C. § 3582(c)).

increased the threshold quantity of crack cocaine required to prompt a mandatory minimum sentence."[2]

Defendant's reliance on 18 U.S.C. § 3582(c)(2) and the FSA is problematic for at least three reasons. First, as stated, the FSA reduced the disparity in sentencing between crack cocaine and powder cocaine. Defendant was charge with, and ultimately pleaded guilty to, possession of methamphetamine with intent to distribute. Thus, the FSA is not implicated.

Second, if the FSA were at issue, the amendment would not apply to Defendant. It is well established "that the FSA does not apply retroactively to individuals who were sentenced before it went into effect."[3] Every circuit that has considered the question has found "no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment."[4] In this case, Defendant was sentenced on April 5, 2010, several months before the FSA. Defendant's reliance on the recently issued Supreme Court decision of *Dorsey v. United States*,[5] is misplaced. *Dorsey* held "that Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."[6] Defendant does not fall within this category of offenders.

---

[2]*United States v. Wilson*, 2012 WL 3217606, at *1 (10th Cir. Aug. 9, 2012).

[3]*United States v. Osborn*, 679 F.3d 1193, 1194 n.1 (10th Cir. 2012).

[4]*United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (collecting cases).

[5]132 S.Ct. 2321 (2012).

[6]*Id*. at 2331.

Finally, § 3582(c)(2) only applies where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In this case, Defendant was not sentenced pursuant to the guidelines. Rather, he was sentenced to the statutory mandatory minimum sentence. As a result, § 3582(c)(2) would not apply.[7]

Based on all of these considerations, the Court finds that it is without jurisdiction to consider Defendant's Motion and it must be dismissed.[8]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Reduction of Sentence (Docket No. 130) is DISMISSED FOR LACK OF JURISDICTION.

DATED   January 18, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

[8] *See United States v. Graham*, 304 F. App'x 686, 688 (10th Cir. 2008) (stating that dismissal rather than denial is appropriate in such circumstances).